No. 664 September 18, 2024 155

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. R. E. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. G.,
*Appellant.*

Washington County Circuit Court
22JU00559; A183616

Thomas A. Goldman, Judge pro tempore.

Submitted August 21, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Mooney, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Mother appeals a permanency judgment changing the permanency plan for her daughter E from reunification to permanent guardianship under ORS 419B.365. *See* ORS 419B.476 (governing permanency plans). Reviewing to determine whether the juvenile court's factual findings are supported by the record and for legal error, *Dept. of Human Services v. M. S.*, 284 Or App 604, 606, 393 P3d 270 (2017), *abrogated in part on other grounds by Dept. of Human Services v. S. J. M.*, 364 Or 37, 430 P3d 1021 (2018), we affirm.

Mother assigns error to the juvenile court's determinations that (1) the Department of Human Services (DHS) made reasonable efforts to enable E to "return safely home," ORS 419B.476(2)(a); (2) mother had not "made sufficient progress to make it possible for the ward to return safely home," *id.*; and (3) child's permanency plan would be changed from reunification to permanent guardianship under ORS 419B.365. She contends that the evidence does not permit the first two determinations. She also contends that in determining that mother had not made sufficient progress for E to return safely home, the juvenile court impermissibly relied on facts extrinsic to the bases for jurisdiction.

In response, DHS asserts that mother did not preserve her challenge to the reasonable-efforts determination; that, if preserved, the record supports the determination that DHS made reasonable reunification efforts; that the court's determination regarding mother's lack of progress is supported by the record; and that the court's decision, in context, demonstrates that the court did not rely on facts extrinsic to the bases for jurisdiction in an impermissible way.

Having considered the record and the parties' arguments, we conclude that, regardless of any issues with preservation, the record supports the juvenile court's reasonable efforts determination, as well as its determination that mother had not made sufficient progress for E to return safely home.

We also conclude that the court did not rely on facts extrinsic to the jurisdictional bases in evaluating mother's

progress in a way that was legally impermissible. Mother's argument on that point is that the court impermissibly required mother to prove that she had stable and independent housing, when mother's housing situation was not a basis for jurisdiction. We do not understand the court to have done that. As we read its ruling, the court determined that mother's mental health issues and lack of commitment to therapy contributed to her ongoing inability to obtain a stable living environment, thereby demonstrating that she had not made sufficient progress in addressing her mental health issues to permit E to return safely home.

Affirmed.